# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:  04-cr-00407-PSF-01 |
| | USM Number:  33019-013 |
| BRETT FLOYD YEOMANS | John Mosby |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to Count Three of the Superseding Indictment and was convicted by a jury on Counts One and Two of the Superseding Indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Previously Convicted Felon | 05/22/04 | One |

   The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   The Court dismissed portions of Counts One and Two of the Superseding Indictment.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

   It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

January 9, 2006
Date of Imposition of Judgment

*s/ Phillip S. Figa*
Signature of Judge

Phillip S. Figa, U.S. District Judge
Name & Title of Judge

1/13/06
Date

DEFENDANT:  BRETT FLOYD YEOMANS  
CASE NUMBER:  04-cr-00407-PSF-01                                                            Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of Ammunition by a Previously Convicted Felon | 05/22/04 | Two |
| 21 U.S.C. § 844(a) and (c) | Possession of Less Than 5 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine | 05/22/04 | Three |

DEFENDANT:  BRETT FLOYD YEOMANS
CASE NUMBER:  04-cr-00407-PSF-01                                                    Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred (100) months on each of Counts One and Two, and twenty-four (24) months as to Count Three, all to run concurrently.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  BRETT FLOYD YEOMANS
CASE NUMBER:  04-cr-00407-PSF-01                                                                Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) year on each of Counts One and Two, and one (1) year on Count Three, all to run concurrently.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  BRETT FLOYD YEOMANS
CASE NUMBER:  04-cr-00407-PSF-01                                                                  Judgment-Page 5 of 8

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.
2) The defendant shall undergo a mental health evaluation to assess any anger management problems and participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer.   The defendant shall pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

DEFENDANT:  BRETT FLOYD YEOMANS
CASE NUMBER:  04-cr-00407-PSF-01                                                        Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $0.00 |
| Two | $100.00 | $0.00 | $0.00 |
| Three | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $300.00 | $0.00 | $0.00 |

DEFENDANT:  BRETT FLOYD YEOMANS
CASE NUMBER:  04-cr-00407-PSF-01                                                                Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment fee is due in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  BRETT FLOYD YEOMANS
CASE NUMBER:  04-cr-00407-PSF-01                                                              Judgment-Page 8 of 8

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  24

Criminal History Category:  VI

Imprisonment Range:  100 to 120 months

Supervised Release Range:  2 to 3 years as to Counts One and Two
                                                  1 year as to Count Three

Fine Range:    $10,000  to  $100,000

The fine is waived because of the defendant's inability to pay.

**The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart.**

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:  None.

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.") No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.