IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 04-cr-00407-REB-KLM
Civil Action No. 07-cv-02446-REB

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

BRETT FLOYD YEOMANS,

    Defendant-Movant.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on a **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** [Docket No. 126; Filed November 21, 2007] (the "Motion") filed by Brett Floyd Yeomans ("Movant"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R. 72.1C, the Motion has been referred to this Court for recommendation. The Court has reviewed the Motion, the Government's Response to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 128; Filed January 16, 2008], Movant's Reply to Government's Response to His § 2255 Motion [Docket No. 136; Filed February 25, 2008], the case file, and the relevant law, and is advised in the premises. For the reasons stated below, I RECOMMEND that the Motion be **DENIED**.

## I. Background

On April 18, 2005, in the United States District Court for the District of Colorado,

Movant was charged in a superseding indictment with possession of a rifle and a shotgun by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1), possession of ammunition for a rifle and shotgun by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count II), and possession of 5 grams of a mixture or substance containing a detectable amount of methamphetamine by a person previously convicted of a drug offense, in violation of 21 U.S.C. § 844(a) and (c) (Count III). [#36]. On May 11, 2005, Movant was found guilty by jury verdict on Counts I and II of the superseding indictment. [#76]. Movant pled guilty to Count III of the superseding indictment on May 17, 2005. [#84].

Prior to his sentencing, on December 26, 2005, Movant filed a Motion for New Trial and Motion for Reconsideration of Motion to Suppress [#102]. As grounds for a new trial, Movant alleged he was not informed of his right to testify in his own defense, that his counsel neither consulted with him regarding this right, nor provided him with the opportunity to decide whether to exercise his right to testify. *Id.* On January 9, 2009, the Court denied the motions and sentenced Movant to concurrent sentences of 100 months of imprisonment on Count I and II and 24 months of imprisonment on Count III. [#106].

Movant raised only one issue on appeal, challenging the denial of his motion to suppress. *United States v. Yeomans*, 211 Fed. Appx. 753, 757 (10th Cir. 2007). On January 6, 2007, Movant's convictions were affirmed by the Tenth Circuit. *Id.* at 760. Movant's petition for writ of certiorari was denied by the Supreme Court on May 14, 2007. *Yeomans v. United States*, 550 U.S. 948 (2007).

In his 28 U.S.C. § 2255 motion, Movant challenges the constitutionality of 18 U.S.C. § 3231, which confers upon district courts original jurisdiction "of all offenses against the laws of the United States." Movant raises the following claims:

1. Whether Public Law 80-772, Act of June 25, 1948, ch. 645, Section 1, 62 Stat. 683 et seq. is unconstitutional and void because H.R. 3190 never passed both houses as required by Article I, Section 7, Clause 2

2. Whether permitting post-adjournment legislative business pursuant to H.Con.Res.219 violated quorum, bicameral and presentment requirements of Article I of the Constitution

3. Whether post-adjournment signing of H.R. 3190 by single officers of the House and presentment to approval thereof by the President pursuant to H.Con.Res. 219 violated provisions of Article I of the Constitution

4. Whether a purported bill signed by the officers of both Houses of Congress and presented to the President post-adjournment and in absence of quorums, which was not certified as truly enrolled nor the enrolled bill in fact, a clear violation of Title 1, U.S.C. § 106, House Rules and Precedents prohibiting such acts, rendered the bill signed into Public Law 80-772 null and void

5. Whether the District Court order committing Petitioner to Executive custody pursuant to Section 3231 of the unconstitutional Public Law 80-772 were issued ultra vires, are unconstitutional and coram non judice, and his imprisonment is unlawful.

*Motion* [#126] at 14.

## II. Analysis

As a preliminary matter, the Court notes that Movant is proceeding *pro se*. Therefore, the Court must construe his Motion liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Movant to present constitutional claims against any procedural defects caused by Movant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations. *Hall*, 935 F.2d at 1110.

The government argues that the Motion should be denied because Movant's claims

are procedurally barred. Generally, "[s]ection 2255 is not available to test the legality of matters that should have been raised on direct appeal." *United States v. Walling*, 982 F.2d 447, 448 (10th Cir. 1992), *citing United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987). The procedural bar applies to § 2255 motions filed "after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by affirmance of the conviction on appeal." *United States v. Frady*, 456 U.S. 152, 162-67 (1982). The failure to raise claims on direct appeal bars review of those claims unless the defendant can show cause for the default and resulting prejudice. *Id.* at 167-69. "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting in the alleged error, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

It is undisputed the Movant did not raise the present claims on direct appeal. However, Movant asserts that his appellate counsel was ineffective because he "was unaware of the issue." *Motion* [#126] at 4; *Reply* [#136] at 5. Ineffective assistance of appellate counsel may constitute "cause," but "the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To establish ineffectiveness of counsel, Movant must show (1) that his counsel's actions fell below an objective standard of reasonableness, and (2) that the attorney's conduct prejudiced the proceedings such that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel is strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. For counsel's performance to be constitutionally ineffective, "it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

"When a defendant alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, [the court] examine[s] the merits of the omitted issue." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Movant must show that "there is a reasonable probability that, but for his counsel's unreasonable failure to raise these claims, [he] would have prevailed on his appeal." *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001). "If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *Cook*, 45 F.3d at 393.

Movant's claims challenge the validity of 18 U.S.C. § 3231, which provides that where an indictment charges a defendant with violating the laws of the United States, the federal district courts have subject matter jurisdiction and are empowered to enter judgment on the indictment. *United States v. Potts*, 251 Fed. Appx. 109, 111 (3d Cir. 2007). The arguments Movant sets forth in the Motion challenging the constitutionality of the manner in which §3231 was enacted have been uniformly rejected by the federal courts. *Villanueva v. United States*, No. 97-CR-149, 2009 WL 1475498, at *1 (E.D. Wis. May 27, 2009). The courts have held that the various claims that numerous prisoners have made challenging the validity of the enactment of § 3231 are without merit and are frivolous. *See, e.g.*, *United States v. Armijo*, 314 Fed. Appx. 113, 114 (10th Cir. 2008) (holding that argument that § 3231 was not validly enacted is meritless); *Potts,* 251 Fed. Appx. at 111 (finding that § 3231 was "properly enacted and is binding" and argument to the contrary is frivolous); *United States v. Barren*, 219 Fed. Appx. 560, 563 (7th Cir. 2007) (holding that argument that §

3231 was never enacted is frivolous); *see also Little v. Levi*, No. 07-4604, 2007 WL 4255265, at *1 (E.D. Pa. Nov. 29, 2007) ("even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" the claim that § 3231 is not valid).

Because the claims raised in the § 2255 motion are wholly without merit, appellate counsel was not constitutionally ineffective for not raising the claims on direct appeal. Therefore, Movant has not shown cause and prejudice. His claims are procedurally barred. Moreover, even if his claims were not procedurally barred, he still would not prevail because the claims that he asserts in his Motion are baseless and have been thoroughly discredited by all the courts that have considered the matter. For the reasons stated by the federal courts cited above, I agree that § 3231 is a constitutionally enacted statute. Therefore, Movant is not entitled to relief on his claims.[1]

### III.  Conclusion

Based on the foregoing, I RECOMMEND that the Motion [#126] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin*

---

[1] The Court did not hold an evidentiary hearing because the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

*v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 22, 2009

                                                        BY THE COURT:

                                                        s/ Kristen L. Mix
                                                        U.S. Magistrate Judge