**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 04-cr-00407-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  BRETT FLOYD YEOMANS,

    Defendant.

**ORDER DENYING MOTION TO REDUCE SENTENCE AND
TO APPOINT COUNSEL**

**Blackburn, J.**

The matter before me is defendant's **Motion To Reduce Sentence - U.S. vs. Chambers** [#138][1] filed April 27, 2009. I deny the motion.[2]

Because the defendant is proceeding pro se, I have viewed and treated his motion more liberally and generously than a motion drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The defendant ". . . moves this Honorable Court to resentence him based on the

---

[1] "[#138]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the defendant's more are briefed sufficiently; thus, obviating the need for an evidentiary hearing or oral argument.

recent ruling in U.S. v. Chambers."[3] *See* Motion at 1, ¶ (1). Defendant contends that his convictions for attempted escape were marshaled and counted improperly and resulted in an offense level of 24, when it should have been 19 or below. *See id.* at ¶¶ (2) and (3).

Having reviewed the file and record of this case as developed *pro tanto*; having judicially noted all relevant adjudicative facts in the file and record; and having considered carefully all facts presented, reasons stated, arguments advanced, and authorities cited by the parties in their papers, I find and conclude ultimately as follows: (1) that I lack jurisdiction to reduce defendant's sentence, *see* 18 U.S.C. § 3582(c)(2); (2) that *Chambers* is not applicable retroactively because it does not state a new rule that is (1) substantive or (2) a "watershed" procedural rule, *see Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060,103 L.Ed.2d 334 (1989); and (3) that *Chambers* is inapplicable to defendant, because defendant's offense level and criminal history category, and, thus, his sentence were not based on a finding that his convictions for attempted escape were crimes of violence.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion To Reduce Sentence - U.S. vs. Chambers** [#138] filed April 27, 2009, is **DENIED**.[4]

---

[3] An apparent reference to *United States v. Chambers*, — U.S. —, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009).

[4] In further support of my ruling, I approve, adopt, and incorporate the evidence presented, reasons stated, arguments advanced, and authorities cited by the government in its response [#140] filed May 12, 2009.

Dated November 5, 2009, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge